UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JACQUELINE RAMOS,

    Plaintiff,

-vs-                                    CASE NO.:

TRANS UNION LLC and
CREDHUB D/B/A CYNERGY
PROPERTY MANAGEMENT

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Jacqueline Ramos (hereinafter "Plaintiff"), sues Defendants, Trans Union LLC, ("Trans Union") and CredHub d/b/a Cynergy Property Management ("CredHub") (hereafter collectively "Defendants") in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

**PRELIMINARY STATEMENT**

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.    Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian").

1

3. Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION

6. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. The Plaintiff is a natural person and resident of Polk County in the State of Florida. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8. Venue is proper in this District as Plaintiff is a natural person and resident of Polk County, in the State of Florida; the violations described in this Complaint occurred in this District; and the Defendants transact business within this District.

9. Trans Union is a corporation incorporated under the State of Illinois, authorized to do business in the State of Florida, through its registered agent, Corporation Service Company located at 1201 Hays St., Tallahassee, FL 32301.

10. Trans Union is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

11. Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

12. Credithub is a corporation headquartered at 8615 N. Division, Ste B, Spokane, WA 99208.

13. Credithub is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

14. Credithub furnished Plaintiff's information to the CRAs, which was inaccurate.

## FACTUAL ALLEGATIONS

15. Plaintiff is alleged to owe a debt to Credhub partial account number 1493**** for $180 (hereinafter "Credhub Account").

16. On or about May of 2025, Plaintiff was checking her credit and learned that there the Credhub Account was reported on her credit reports with a status of "maximum delinquency of 120 days in 04/2025 for $1,200". Plaintiff upon information and belief was not past due in her payments.

17. As a result of the inaccurate reporting, Plaintiff on or about June of 2025, communicated with Trans Union concerning the inaccurate reporting.

18. On or about June 13, 2025, Plaintiff reported the inaccurate reporting to the Consumer Financial Protection Bureau ("CFPB"), File ID 250613-21538721.

19. In the CFPB report, Plaintiff detailed the fact that she did not owe money to Credhub nor was she past due on the account, and she requested an investigation into the inaccurate reporting.

20. Under 15 U.S.C. § 1681e (3) of the FCRA, credit reporting agencies, such as Trans Union, are required to review certain consumer complaints about inaccurate information that are originally sent to the CFPB.

21. Upon information and belief, Trans Union failed to review the CFPB complaint that Plaintiff filed and continued to report the erroneous information and accounts on her credit report.

22. On June 13, 2025, Tran Union responded by stating upon investigation the review of the CredHub Account was "verified as accurate and updated". The account continued to be reported with a status of "maximum delinquency of 120 days in 04/2025 for $1,200". Such reporting continued to impact Plaintiff's credit worthiness.

23. Upon information and belief, Trans Union notified CredHub of Plaintiff's written dispute. Credhub failed to conduct a reasonable investigation and merely compared its erroneous data.

24. As a result of the continued inaccurate reporting by Trans Union, on July 7, 2025, Plaintiff mailed a written dispute letter to them. In the letter Plaintiff explained to Trans Union that she did not owe any money to CredHub nor was she ever past due on her payments. Plaintiff included an image of her driver's license and her social security card to confirm her identity. Further, she included additional supportive documentation for Trans Union to conduct an investigation.

25. Plaintiff mailed her detailed dispute letter to Experian via USPS Certified Mail 9589 0710 5270 2629 2500 92.

26. On July 16, 2025, Plaintiff obtained dispute results from Trans Union, in which they "verified as accurate" as to the Credhub Account information and continued the notation of "maximum delinquency of 120 days in 04/2025 for $1,200".

27. Upon information and belief, Trans Union notified CredHub of Plaintiff's written dispute. Credhub failed to conduct a reasonable investigation and merely compared its erroneous data.

28. Due to Trans Union reluctance of correcting the reporting of the CredHub Account, Plaintiff mailed another dispute letter to them on August 11, 2025. In the letter Plaintiff again explained to Trans Union that she did not owe any money to CredHub nor was she ever past due on her payments. Plaintiff included an image of her driver's license and her social security card to confirm her identity. Further, she included additional supportive documentation for Trans Union to conduct an investigation.

29. Plaintiff mailed her detailed dispute letter to Experian via USPS Certified Mail 9407 1111 0549 5865 5039 16.

30. Plaintiff is awaiting the outcome of her more recent dispute yet the Defendants continue to report the inaccurate information..

31. Trans Union has never attempted to contact the Plaintiff about her disputes while allegedly investigating the disputes.

32. Plaintiff continues to suffer as of the filing of this Complaint with Trans Union's and CredHub's reluctance to conduct a thorough investigation. The CredHub account is the ONLY account with adverse information on Plaintiff's credit report.

33. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.      Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time, Plaintiff's attempts to correct her credit file has resulted in fees and costs;

    ii.     Loss of time and time take off from work in attempts to cure the errors;

    iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' reluctance to fix the errors;

    iv.    Reduction in credit score as the Defendant(s) failed to properly investigate the disputed information;

    v.     Delay in applying for personal loans and lines of credit due to fear of denials from Plaintiff's lowered credit score;

    vi.    Defamation and Plaintiff's information has been published to third parties including but not limited to FICO to calculate Plaintiff's credit score.

    vii.   Defamatory information to Capital One, IBOD Company and Progressive insurance amongst others.

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

34.    Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-three (33) above as if fully stated herein.

7

35. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

36. Trans Union allowed for a Furnisher to report inaccurate and erroneous account information to Plaintiff's credit file.

37. Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

38. Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

39. Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

40. As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

41. The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

42. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Jacqueline Ramos, respectfully requests that this Court award actual damages against Defendant, Trans Union LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to Defendant, Trans Union LLC (Willful)

43. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-three (33) above as if fully stated herein.

44. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

45. Trans Union allowed for a Furnisher to report inaccurate and erroneous account information to Plaintiff's credit file.

46. Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

47. Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

48. Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

49. As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

50. The conduct, action and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

51. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Jacqueline Ramos, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Trans Union LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

52. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-three (33) above as if fully stated herein.

53. After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

54. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

55. Plaintiff provided Trans Union with the information it needed to confirm the status of the CredHub tradeline was inaccurate. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

56. As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

57. The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

58. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, Jacqueline Ramos, respectfully requests that this Court award actual damages against Defendant, Trans Union LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT IV**
**Violations of 15 U.S.C. § 1681i as to**
**Defendant, Trans Union LLC (Willful)**

59. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-three (33) above as if fully stated herein.

60. After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

61. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

62. Plaintiff provided Trans Union with the information it needed to confirm the status of the CredHub tradeline was inaccurate. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

63. As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

64. The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

65. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, Jacqueline Ramos, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Trans Unio LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment

interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT V
### Violation of 15 U.S.C § 1681s-2(b)- As to Defendant, CredHub d/b/a Cynergy Property Management (Negligent)

66. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-three (33) above as if fully stated herein.

67. Credhub furnished inaccurate account information to Trans Union and through those CRAs to all of Plaintiff's potential lenders.

68. After receiving Plaintiff's disputes, Credhub violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account information; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Equifax and Trans Union; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

69. Plaintiff provided all the relevant information and documents necessary for Credhub to have identified that the account status was erroneous.

70. Shellpoint knowingly chose to follow procedures which did not review, confirm, or verify the status was accurate.

71. Credhub violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Trans Union after it had been notified that the information it was furnishing was inaccurate.

72. As a direct result of this conduct, action, and/or inaction of Credhub, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

73. The conduct, action, and inaction of Credhub was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

74. Plaintiff is entitled to recover costs and attorney's fees from Credhub in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, Jacqueline Ramos, respectfully requests that this Court award actual damages against Defendant, CredHub d/b/a Cynergy Property Management; jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XIV
### Violation of 15 U.S.C. § 1681 s-2(b) as to Defendant, CredHub d/b/a Cynergy Property Management (Willful)

75. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-three (33) above as if fully stated herein.

76. CredHub furnished inaccurate account information to Trans Union and through those CRAs to all of Plaintiff's potential lenders.

77. After receiving Plaintiff's disputes, CredHub violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account information; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Trans Union; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

78. Plaintiff provided all the relevant information and documents necessary for CredHub to have identified that the status was erroneous.

79. CredHub knowingly chose to follow procedures which did not review, confirm, or verify the account status was accurate.

80. CredHub violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Trans Union after it had been notified that the information it was furnishing was inaccurate.

81. As a direct result of this conduct, action, and/or inaction of CredHub, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

82. The conduct, action, and inaction of CredHub was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

83. Plaintiff is entitled to recover costs and attorney's fees from CredHub in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, Jacqueline Ramos, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, CredHub d/b/a Cynergy Property Management; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jacqueline Ramos, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, Trans Union LLC, and CredHub d/b/a Cynergy Property Management, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 19th day of August 2025.

Respectfully submitted,

/s/Octavio Gomez
Octavio "Tav" Gomez
Florida Bar #:0338620
Georgia Bar #: 617963
Pennsylvania #: 325066

Virginia Bar #: 101194
The Consumer Lawyers PLLC
501 E. Kennedy Blvd., Ste 610
Tampa, FL 33602
Cell: (813)299-8537
Facsimile: (844)951-3933
Primary Email:
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*